Good morning, Your Honors. William Inglesby representing the Appellant, Regency Air. May it please the Court, can I reserve three minutes of my time for rebuttal? Yes, go ahead. Okay. I'd like to address first the issue of the lack of due notice of the FAA's case regarding Mr. Long. As we set forth in our brief, the Administrative Procedures Act requires that Regency be given timely notice of the matters of fact and law asserted against it. And the Courts have repeatedly held that the Administrative Agency must give a clear statement of the theory on which the case will be tried. Now, in this particular case, the FAA alleged in no less than four separate paragraphs of its complaint that Mr. Long performed services for Regency as a contractor. But it wasn't just the complaint that failed to give notice of the FAA's position, as they claim in their brief. It was the FAA's express position that they took in their motion for decision. In their motion for decision, the FAA contended that Mr. Long acted as a contractor, not as an employee. And the Administrative Law Judge took that assertion and really framed the issue to be resolved in the evidentiary hearing. So is your claim on this that the notice, you're not saying he didn't receive notice, you're just saying he, the notice improperly noted his distinction as an independent contractor as opposed to an employee. Yes, Your Honor, but again, in the motion for decision that the FAA made, they took the affirmative position that he was not an employee. Well, but for purposes of the notice, I guess I'm wondering why it matters, because as I understand it, the contracted employees and direct employees and contracted employees are treated the same. So I don't know why this distinction matters for purposes. It wasn't like there was some new theory and they said, oh, well, we can't get relief under what we said in the notice, so we have to change that. No, Your Honor. The issue was framed by the Administrative Law Judge. He says since the government claims that he was not an employee, but that he was a contractor, and the respondent denied that he was a contractor, that was the issue that had to be decided at the evidentiary hearing, whether he was a contractor or not. And if he was a contractor, then my client was not obligated to add him as a member of its drug and alcohol program. So it did matter as to whether or not he was an employee or a contractor. And that position was outlined in the decision that the Administrative Law Judge made on the motion for decision made by the FAA and said that's the issue to be tried. Is he a contractor or not? I'm not sure of your position here. Are you saying that solely as a contractor rather than as an employee, there's no need to test that person in terms of safety regulation? No. He was an employee of another airline and was part of their drug and alcohol program and was tested under that drug and alcohol program. But the government claimed that he had to be part of Regency's drug and alcohol program. And if he operated as a contractor, he was not required to be added to our drug and alcohol testing program. So that was the issue that was tried. The Administrative Law Judge decided that he fell within the regulatory definition of an employee and therefore he had to be added as a member of our client's drug and alcohol testing program. But the government never changed his position. It never changed his position that he was not an employee. He was a contractor. And that made a big difference in the case. But that's my question. Why did it make a big difference? Because I thought whether he was a direct employee or an independent contractor, he would have had the same obligation as to Regency. No. If he was a contractor, he had to be a member of his employer's drug and alcohol program. If he was an employee of Regency, he had to be added to Regency's drug and alcohol program. So the question is who had the obligation to add him to their drug and alcohol program. If he was a contractor, as the government contended, then Regency didn't have an obligation to add him as a member of their drug and alcohol program. That was reserved for their employees. So the fact that the government claimed he was a contractor and not an employee of Regency meant that he had to be added as a member of his employer's drug and alcohol program. And whether he was or not wasn't Regency's problem. The Administrator, I think, held and found directly opposite to what you're just telling us. Because the Administrator agreed with the FAA explaining that the nuance between employee and contractor in this context is a distinction without a regulatory difference. So I think that's, and maybe we're talking past each other because maybe, I got to admit I don't have it clear in my mind who he was working for, when he was working for, and under what situation. But my recollection is there was something about the way he was employed where he still, regardless of whether he was an independent contractor or an employee, he still had to be on Regency's plan. I disagree, Your Honor, and that's not the law. I mean, I'm saying what the Administrator said. Well, if the Administrator said that, it was in error. If he was an employee of another party, another airline, he was required to be a member of that employer's drug and alcohol program. If he was an employee of Regency, he had to be added to Regency's drug and alcohol program. And the government, by contending he was a contractor, meant that he had to be, there had to be a contract to employ him and that he had to be a member of that other party's drug and alcohol program. You know, Regency's drug and alcohol program is reserved for Regency's employees, not for the government. So the issue was a matter of importance. Now, the government is mimicking the Administrative Law Judge when they say, well, the definition of an employee, the regulatory definition of an employee, includes Mr. Long and what he did. And the definition of, the regulatory definition, the word hire, means that he was an employee of Regency when he did this work. So I'm looking at regulation, and maybe, I don't want to belabor this because you have other arguments, but Section 120.7H, the definition of employee includes those hired directly or by contract. So, to me, that seems to support exactly what the Administrator said, and so it doesn't really matter whether, I mean, the FAA never changed its position here, and the Administrator said it doesn't matter which it is. The Administrator may have found he was an employee or not a contractor, but anyway, I just don't see how that plays into your notice. Well. How you didn't have notice effectively. I mean, the one thing, if the FAA had said, well, you know, you're a contractor, and then midway through, they realized, you know, oh, no, that's not correct, and they changed their theory and said he was an employee, but that's not what happened here. Well, first of all, he wasn't charged with a violation of 120.7, and the government did not take the position that it didn't matter whether he was a contractor or an employee when they brought their case, and that is not the position of the Administrative Law Judge. It doesn't matter whether he's a contractor or an employee. They affirmatively said he was a contractor, and as a contractor, he had to be added as a member of the Contractor's Drug and Alcohol Program, not Regency's. No, but... Member of their Drug and Alcohol Program. If I'm not mistaken, if I'm reading the record correctly, Long had worked for Paragon, correct? Correct, Your Honor. Okay. But Regency had no contract with Paragon for Long Services, right? That's correct. His being a contractor for Regency was independent of his working for Paragon. Correct? That's correct. Isn't that the distinction, or let me ask it this way. Is that the distinction? That is, if Regency, are you saying, if Regency had a contract, now let me change it. If Regency had a contract with Paragon for Long Services, then I could understand they could rely on Paragon's testing. But if Regency has no contract with Paragon, and simply is hiring Long, as it were, off the street, under the statute, under the regulation, don't they have, doesn't Regency have an obligation to get him tested here? That's correct. They had to add him as a member of their drug and alcohol testing program. But that's not what the government alleged. They alleged that he acted as a contractor, which means... Hold on, hold on, hold on. Did they allege he was a contractor of Paragon, or did they allege he was a contractor of Regency? They didn't say. They just said he was a contractor. And in the motion for decision, they said the judge said, the complainant contends that Mr. Long performed this work. He did not do so as an employee of Respondent, but rather as a contractor. Didn't say he was a contractor of Paragon, or a contractor of Regency. He just says he did the work as a contractor. In either case, under the regulations, Regency had no obligation to add him. That's where I think it falls apart. I think Regency did have an obligation, and that's what the FAA administrator found. So the notice isn't, I mean, now you're getting into the merits, which is fine. You can make that argument. But as to the notice issue, you know, the question, I mean, they said he was a contractor. I honestly, I'd always thought that that meant he was a contractor for Regency, but I hadn't thought about. So we'll have to look at that. No, it was clear that he was working for Paragon at the time. No, I understand that, but I didn't understand the contractor part to be the root. Whether he was a contractor for Regency, and if that was the case, he was an independent contractor. He wasn't doing the work for Paragon. He was doing it as an independent contractor. But doesn't your interpretation permit an airline to have somebody with safety-sensitive functions be on board and have them never look at past drug and alcohol testing records? Does that make sense in the context of what these regulations are all about? Yes. When he was an employee of Paragon, he was subject to Paragon's drug and alcohol testing program. It was a completely safe situation. He was not some mechanic out there with no coverage doing this work. He was, in fact, covered by Paragon's drug and alcohol testing program. Well, but even under that theory, Regency then had a duty to request the drug testing results from Paragon, and they didn't do that either. So, I mean, at the end of the day, Regency isn't employing him. They're not putting him on their program, and they're also not requesting the information from Paragon. There is no regulation that requires Regency to request the drug and alcohol testing records from his employer. He was not charged with that violation, and there's no regulation that requires him to do so. What happened here was the administrative law judge really reversed the position of the government, where the government claimed he was not an employee of Regency. He was a contractor, and had to be covered by somebody else's drug and alcohol testing program. And, therefore, Regency was entitled to rely on that allegation, because if they couldn't prove that, there was no case against Regency. Regency had a right to rely on the allegation that he was a contractor, and if he was a contractor under any circumstance, he was not required to be added to Regency's drug and alcohol program. You're beyond your time. Maybe it makes sense to hear from the government, and then we'll give you time for rebuttal. Okay. Okay. Mr. Weingold. Good morning, Your Honor. Brett Weingold on behalf of the FAA. Mr. Weingold, before you start, does long being a contractor relieve Regency of any obligation to get him on board for drug and alcohol testing? And what do you, if so, what do you rely, if you think it does not relieve them, what do you rely? Well, he wasn't, he was not a contractor, Your Honor. He was an employee, but in terms of whether it would relieve them from needing to include him in their drug and alcohol testing program, the answer is no under the regulations, except under very specific circumstances. So here, the FAA alleged in the complaint that Regency had violated 14 CFR section 120.105, which states, and I'm going to omit a few words here, but each employee who performs a safety-sensitive function listed in this section directly or by contract must be subject to drug testing. Section 215, 120.215 basically says the same thing for alcohol. So there is an exception to that. It's when the contract employee who's working for you is working under contract with another company, they're doing the work within the scope of that contract, and they're covered by their actual employer's drug and alcohol testing program. But that's not the case here with Mr. Long. There's no dispute that there was a contract with Paragon, so it's simply not the case. Wait, there's no dispute that there was not a contract with Paragon? Correct, Your Honor. Okay, sorry. Okay, that was my understanding of the regulatory scheme. And part of the way that is driven is by the definition of, I mean, it's almost belt and suspenders, because the definition of employee also says it includes either a direct employee or a contractor. That's correct, Your Honor. And then it carves out that exception. And I do, you know, certainly we do have to read, of course, the regulations in context with each other. But I think it makes it clear why the administrator held that this was just not a material difference in terms of pleading that he was a contractor. It's like if we had pled in a regulation applying to, you know, persons with green eyes and blue eyes. Well, he has green eyes. Well, it turns out he has blue eyes. Okay, well, the regulation still applies regardless. It's not material. You know, I know that counsel continually referred to the ALJ finding this a material fact. That was, it was a motion essentially on the pleadings. They had denied he was a contractor in their answer. And so the ALJ, and to be fair, to emphasize it didn't matter, the ALJ was like, well, here's a factual issue that I'm going to need to determine. Was he an employee? Was he a contractor? It was not relevant to finding the regulatory violation. Turning quickly to just the regulations themselves in terms of their applicability to Mr. Geis. I know we didn't, I know that wasn't really discussed yet. You know, there's no dispute here that Mr. Geis was an employee of Regency on January 4th, 2016. And the plain text of the regulations here, sections 120.35 and 120.105 and 109, indicate that he should have been subject to random drug testing. And of course, the alcohol testing regulations as well. Now, what the petitioner is arguing in their brief is that these regulations are unconstitutionally vague as applies to the circumstance of this case, as applied to Mr. Geis. And I think that that is pretty clearly contradicted by evidence in the record showing that the petitioner knew these regulations applied to Mr. Geis. The greatest evidence of that is, of course, the petitioner actually complied with a portion of section 120.35 in the regulations by subjecting Mr. Geis to a pre-employment drug test. This is a test that is required by the various sections that he violated by not including him in the random testing pool. And there's no reason, of course, to subject him to a pre-employment drug test under these sections, unless these sections are applicable to Mr. Geis. That also actually applies to this argument under 49 CFR section 40.25 about the drug testing records and the need to request those. So, you know, petitioners contending, well, we had no idea that this regulation applied. How could we have known? It's vague. It's unconstitutionally denying us due process. Well, again, here, first of all, Regency made a request that was not a good faith effort, as deemed by the administrator. And there's no appeal on that issue that they made a request, which shows, of course, that they understood that this section of the regulations applied to them. They knew they had to make a request. They just didn't do it correctly. And what also is relevant here is the fact that, again, Regency subjected Mr. Geis to a pre-employment drug test. Regency recognized that their relationship with Mr. Geis, their employment relationship, was changing when he was becoming their employee. And so, recognizing that they gave him a pre-employment drug test, that also shows and should have helped to flag for them, well, he's becoming our employee. We now have to make this request for his records. Now, again, they did that. They just did not do it correctly. Well, so help me understand this part. I thought that they had actually requested the records, but timely. But then they never got them and never followed up. And then they didn't get them until, like, a year later. Is that correct, or do I have that wrong? No, you're correct in the timing of it. They made a request in a timely manner. However, their request did not quarter the requirements of the regulations. First of all, they only made a request of one of his two previous employers. So, one employer, they made no request at all. Now, the employer they did make the request from, they failed to meet the requirements of the regulations. I mean, you have to have a person's permission and consent to go get their drug and alcohol testing records. They didn't get that. They just asked his previous employer for the records without any of those requirements. Well, that's, hold on a second. It doesn't matter. But it's interesting to me that that would be, I understand that that might be a violation of privacy or something, but I wouldn't have thought that that would be a violation of the regulations. I mean, it seems like what the FAA would be more concerned about here is, you know, getting his tests and making sure he can do it correctly. But you're telling me, if you don't get that consent on file, it's still improper. So, even if they had gotten the records, but they hadn't requested consent to get the records from two prior employees, you'd still, he'd still be in violation in the same way he is now? No, your honor. I apologize if I spoke. So, the violation here is continuing to use him 30 days after the first time he performs a safety sensitive function when you didn't get the records or you did not make this good faith effort. And so, what I'm talking about in terms of not getting his consent is that was more of what the have consent and you send it to the prior employer, they're not going to comply and therefore it's not a good faith. Okay, that makes more sense. Correct, your honor. Correct. Your honors, you know, I'm happy, of course, to answer any questions you have about any of the sections of the regulations here. For the administrator, when the administrator reviews the mitigation factors, is the administrator limited to assessing each and consider cumulative or the result of everything? Well, your honor, the administrator does consider the entire record and, you know, has an obligation, of course, to apply FAA policy. Now, what the FAA has done with respect to these mitigating and aggravating factors is we have created this sanction guidance, this order 2153B that was referenced some in the briefs, which lays out various factors that we are going to look at to determine if they're aggravating or mitigating circumstances. And the reason, of course, that the FAA does this, although we have discretion in terms of imposing a sanction, is to avoid the very arbitrary or capricious action that petitioner is alleging. We are trying to say these are the factors that we will look to in determining aggravating and mitigating circumstances and the administrator will look at those factors and apply them. And whereas here, the ALJ misapplied those factors, the administrator has a duty to correct them. All right. Well, if there are no more questions, your honor, we respectfully request the petition be denied. Thank you. And Mr. Inglesby, you may have two minutes for rebuttal. Well, I asked for three, your honor, but... Oh, well, we've just gone through time, but... Okay, that's fine. I got hung up on the... No, you're right. I understand. We'll give you three. That's fine. Okay. I want to note that I didn't have an opportunity to argue the other two issues. No, I understand. We're happy to give you three. Go ahead. Well, first of all, counsel started his argument off by saying that Mr. Long wasn't a contractor. That's contrary to the position they took at the hearing. Prior to the hearing, they claimed he was an employee. Now they refuse... I understand that. I think... I mean, I... I understand them to be sort of saying, yeah, we were wrong about it, but it doesn't matter. I might be putting words into them, but you haven't explained to us why it matters, why the distinction matters. Because he cited Regulation 120.105, which says each employee who performs a safety-sensitive function directly or by contract for an employer defined in this subpart must be subject to drug testing under a drug testing program implemented in accordance with this subpart. Mr. Long was subject to drug testing in accordance with a program implemented in accordance with a subpart. He was a member of Paragon's drug and testing program. The regulation does not require that he be required to be a member of a drug and testing program implemented by Regency. It just says it has to be implemented in accordance with a subpart. In truth and in fact, Mr. Long was subject to a drug testing program implemented in accordance with the regulations. In any event, counsel said that the motion for decision was something akin to a motion on the pleadings. That's not true. The motion was accompanied by declarations submitted by the government. Declarations were submitted by Regency in opposing that. The judge determined on the basis of those declarations that an issue of fact remained with respect to the status of Mr. Long. Was he a contractor or wasn't he? That was the issue to be tried. The government specifically took the position he was not an employee. If he was not an employee, he was a contractor, then he had to be a member of Paragon's drug and alcohol testing program, which he was. That drug and alcohol testing program fully complied with the requirements of the regulations. With respect to the violation of 40.25, that was a regulation that applied to Mr. Geis. The regulation specifically says it applies to employees seeking to perform safety-sensitive work for you, the employer, for the first time. Mr. Geis had been working as a contract employee for Regency for six months prior to his employment as a direct employee by Regency. Therefore, he wasn't applying or seeking to apply to do work for Regency for the first time. He had been doing it for six months. The regulation is unclear as to whether or not that qualifies for an exemption to the regulation. If he has done work as a contract employee for six months, why on earth would he have to apply or have 40.25 apply to him? If the government wanted it to apply, they should have said that he's applying for work for the first time as a direct employee. But the regulation left it unclear as to whether or not if he worked as a contract employee, that exemption would apply. With respect to the violations of 120.35 and 120.39, as I indicated in my argument heretofore, the regulations say that the on this part, unless the individual is subject to testing for alcohol misuse in accordance with the provisions of the subpart, it does not indicate what drug and alcohol program applies. Is it the employer or is it the contract employee? Mr. Geis was covered fully by the drug and alcohol program issued by SoCalJet. And so since the regulation didn't say that that was a disqualifying program, the issue is vague. The regulation is vague. Okay. Council, thank you. And we appreciate both your arguments in today's case. The case is now submitted. And that concludes our arguments for today. And this panel of the Ninth Circuit is now in recess.
judges: Stein, Nelson, Lee